H. J. BACKES, APPELLEE, V. FRITZ TRUMPETER, APPELLANT.

FILED DECEMBER 24, 1913. No. 17,445.

Appeal: SUFFICIENCY OF PLEADINGS. When a case, within the jurisdiction of a justice of the peace, is tried in the district court without any objection to the sufficiency of the pleadings either during the trial or after judgment, the issues actually tried will be considered in this court as though properly pleaded.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*James J. Harrington* and *Hodgkin & Power*, for appellant.

*Arthur F. Mullen, contra.*

SEDGWICK, J.

This was an action upon a contract by which the plaintiff sold some nursery stock to the defendant, and was within the jurisdiction of a justice of the peace, and begun in the county court of Holt county. It was afterwards appealed to the district court for that county, and, from a verdict and judgment in favor of the plaintiff, the defendant has appealed.

The contention of the defendant is that the evidence shows that the defendant countermanded the order for the nursery stock before it was delivered, and that the plaintiff has sued upon the original contract for the purchase price thereof. Under such circumstances it is contended that the plaintiff's cause of action was not upon the original contract, but was for damages in countermanding and refusing to perform the contract. The defendant in his answer set up at great length allegations of fraud and misrepresentation in procuring the contract, and alleged that for that reason he had countermanded the contract. This allegation was denied in the reply. The court submitted to the jury in its instructions the question whether the contract was procured by fraud or was a valid contract in its inception, and also the question whether the contract or order had been countermanded by the defendant, and stated correctly what the measure of damages would be in case the jury found that the contract was valid and had not been countermanded, and what the measure of damages would be in case they found it was valid and had been countermanded by the defendant. It is objected that this instruction was erroneous

because the petition counts upon the contract itself, and did not contain any allegation of damage by reason of the contract having been countermanded. We think that the defendant cannot now avail himself of this objection to this instruction because all of these questions were fully tried by the parties without objection, and, these issues having been fully tried by these parties in the district court, they cannot now allege, for the purpose of reversing the judgment of the district court, that the issues so tried were not properly presented in the pleadings. The evidence shows that the defendant did formally notify the plaintiff that the order for the nursery stock was countermanded, and that he did not want the same; but, upon the whole record, the evidence is substantially conflicting as to whether the defendant insisted upon this countermand or afterwards waived it, and his pleadings and the whole course of the trial strongly indicate that he waived the defense of countermand, and rested wholly upon fraud and misrepresentation in procuring the contract. The jury rendered a verdict for the contract price of the property. They must therefore have found that the defendant had waived and had not insisted upon his countermand, and this finding is not so clearly wrong as to require a reversal.

The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.